UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DENNIS EDWARD FITZMAURICE and TERRY LYNN FITZMAURICE  Debtors | : | CHAPTER 13 |
| CHARLES J. DEHART, III STANDING CHAPTER 13 TRUSTEE  Movant | : | |
| vs. | : | |
| DENNIS EDWARD FITZMAURICE and TERRY LYNN FITZMAURICE  Respondents | : | CASE NO. 5-18-bk-01919 |

TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR
AUTHORITY TO SELL ESTATE PROPERTY

AND NOW, this 27th day of February, 2020, comes Charles J. DeHart, III, Standing Chapter 13 Trustee for the Middle District of Pennsylvania, by his attorney, Agatha R. McHale, and objects to Debtors' Motion to Sell Estate property located at 149 Center Street, East Stroudsburg, Pennsylvania 18301, and in support thereof avers:

1. On January 23, 2020, Debtors filed a Motion for Modification of their Chapter 13 Plan, and the Motion was granted on February 19, 2020.

2. In relevant part, the modified plan says in Paragraph 1.B.2:

In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $9,289.21 from the sale of property known and designated as 149 Center St. East Stroudsburg, PA 18301. All sales shall be completed by July 1, 2020. If the property does not sell by the date specified, then the disposition of the property shall be as follows: <u>Debtors shall amend the Plan such that the Plan is sufficiently funded to pay secured, priority, and administrative claims through another source (i.e. through retirement withdrawals or post-petition income)</u>. While it is not anticipated that there is non-exempt equity, any non-exempt equity shall be paid into the Plan and distributed to unsecured creditors, pro rata.

3. On Schedule C, Debtor claimed an exemption in the amount of $11,402.00 under Section 522(d)(1).

4. Debtors' motion proposes to sell the property for $170,000.00, and estimates that $32,000.00 will go to the Debtors after the payment of the real estate agent's commission; transfer tax, deed preparation, seller's assist; closing costs, liens and encumbrances, and $9,289.21 to the Trustee.

5. To the contrary, Trustee believes and therefore avers that Debtors are only entitled to get the amount exempted under Section 522(d)(1), and the remainder of the non-exempt proceeds would be paid into the Plan and distributed to unsecured creditors, pro rata, as required by the confirmed plan.

WHEREFORE, Trustee respectfully requests this Honorable Court deny the Motion or in the alternative, approve the sale and enter an Order granting the Motion and alter the proposed distribution with $11,402.00 to the Debtors, and the balance to the Chapter 13 Trustee.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

CERTIFICATE OF SERVICE

       AND NOW, this 27th day of February, 2020, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Patrick Best, Esquire
18 N. 8th Street
Stroudsburg, PA  183650

                                                     /s/Deborah A. Behney
                                                     Office of Charles J. DeHart, III
                                                      Standing Chapter 13 Trustee